1

1          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
2

3     UNITED STATES OF AMERICA        :

4              v.                :    CRIMINAL NO. 1:CR-00-274

5     ANTONIO L. HORN, SR.,          :
               Defendant
6

7

8

9                 TRANSCRIPT OF PROCEEDINGS

10               CONDITIONAL GUILTY PLEA

11      Before:  Hon. William W. Caldwell, Senior Judge

12      Date:  July 9, 2001

13      Place:  Courtroom No. 1                **FILED**
               Federal Building          **HARRISBURG, PA**
14             Harrisburg, Pa.
                                          OCT 2 7 2004
15
                                    MARY E. D'ANDREA, CLERK
16                                  Per _____
                                          Deputy Clerk
17    COUNSEL PRESENT:

18       JAMES T. CLANCY, Assistant U.S. Attorney

19           For - Government

20       L. REX BICKLEY, Esquire

21           For - Defendant

22

23

24
                                    Monica L. Zamiska, RPR
25                                  Official Court Reporter

1          MR. CLANCY:  Your Honor, before the Court this

2    morning is the case of the United States of America v.

3    Antonio Horn.  It is docketed at 1:CR-00-274.  Mr. Horn was

4    charged on October 4 of last year in a one count indictment.

5    He is charged with a violation of Title 18, United States

6    Code, Section 922(g) for being a previously convicted felon

7    in possession of a firearm.  He entered a not guilty plea to

8    that charge, but he appears in court this morning with

9    counsel Mr. Bickley for purposes of entering a guilty plea

10   pursuant to a plea agreement that was filed with the court

11   this morning.

12          THE COURT:  All right, would you please outline the

13   terms of that agreement.

14          MR. CLANCY:  Certainly, Your Honor.  Pursuant to

15   the plea agreement Mr. Horn will enter a conditional plea of

16   guilty to the charge, reserving his right to appeal this

17   Court's denial of his pretrial suppression motions.  His

18   conditional plea of guilty will be to the charge in the

19   indictment a violation of 18 U.S.C., Section 922(g).

20          The maximum statutory penalty for that crime is a

21   period of imprisonment of up to 10 years and/or a fine of

22   $250,000.

23          In exchange for Mr. Horn's conditional guilty plea

24   the United States agrees that it will bring no additional

25   charges against him arising out of the conduct that led to

1     this charge.  The United States will also recommend that he

2     receive credit at sentencing for acceptance of responsibility

3     for this charge.  The United States will recommend that he

4     receive the minimum term of imprisonment within the

5     applicable guideline range, and the government will also

6     concur in his motion for a downward departure at sentencing

7     to effectively give him credit for time he served in jail

8     related to a Dauphin County charge that was essentially the

9     same charge that's being brought federally.

10          Finally, Your Honor, the plea agreement provides

11    that after Mr. Horn is sentenced on this federal charge, the

12    Dauphin County District Attorney's Office will dismiss the

13    only remaining charge it has against him related to his

14    offense in the county.

15          THE COURT:  Have you arranged that with the Dauphin

16    County District Attorney?

17          MR. CLANCY:  Yes, Your Honor, and that actually

18    appears, that language actually appears in the plea

19    agreement.

20          THE COURT:  Okay.  Mr. Bickley, does that outline

21    the terms of the plea agreement?

22          MR. BICKLEY:  Your Honor, that fairly summarizes

23    the terms of the plea agreement.

24          THE COURT:  Okay.  Mr. Horn, I'm sure that you have

25    been well advised in this case, but before I can accept a

1    conditional plea from you I must also be satisfied that

2    you're aware of some things, and I want to ask you some

3    questions about those things, and I'll ask that you be sworn

4    to testify at this time.

5                ANTONIO L. HORN, SR., called as a witness, being

6    duly sworn or affirmed, testified as follows:

7                THE COURT:  Mr. Horn, how old are you, sir?

8                THE DEFENDANT:  Forty-seven years of age.

9                THE COURT:  And you're a resident I believe of

10    Harrisburg or the area?

11                THE DEFENDANT:  That's correct.

12                THE COURT:  What is the extent of your education or

13    schooling?

14                THE DEFENDANT:  I have a GED equivalent.

15                THE COURT:  Okay.

16                THE DEFENDANT:  I did some college courses and

17    introductory to business management.

18                THE COURT:  Your GED.

19                THE DEFENDANT:  Yes, that was actually the GED the

20    college course introduction to business management.

21                THE COURT:  Where were you when you took that?

22                THE DEFENDANT:  State Correctional Institution Camp

23    Hill.

24                THE COURT:  So you have post high school classes

25    and so forth?

1          THE DEFENDANT:  That's correct.

2          THE COURT:  You have signed a plea agreement.  Is

3    that correct?

4          THE DEFENDANT:  That's correct.

5          THE COURT:  And you indicate that you carefully

6    reviewed every part of the agreement and that you voluntarily

7    agree to it.  Is that correct as well?

8          THE DEFENDANT:  That's correct.

9          THE COURT:  Okay.  Is there anything in the

10   agreement that you don't understand or that you think you're

11   not clear about at this point?

12         THE DEFENDANT:  I'm clear of everything.

13         THE COURT:  Fine.  I'm sure you're aware that if

14   you didn't wish to enter this plea, you could have continued

15   with your not guilty plea and gone to trial before a jury on

16   the -- when was that?

17         MR. CLANCY:  The 18th, Your Honor.

18         THE COURT:  Next Monday I guess, no, next

19   Wednesday.

20         MR. CLANCY:  Wednesday.

21         THE COURT:  And I'm sure you're aware that had you

22   gone to trial before a jury, you could not be convicted in

23   that trial unless all 12 of the jurors that heard the case

24   would agree that you had been shown to be guilty.  Do you

25   understand that?

1          THE DEFENDANT:  That's correct.

2          THE COURT:  Had you gone to trial the government

3     would have to confront you here in court with its witnesses,

4     and you, through counsel, would have the right to cross

5     examine those witnesses.

6          Now because you're entering a conditional plea, the

7     Court will not hear any testimony or see any evidence, and

8     your guilt will be established by your admission here in

9     court this morning that on a -- the date alleged in the

10    indictment you were in possession of a firearm.  Do you

11    understand that?

12         THE DEFENDANT:  Yes, I understand.

13         THE COURT:  Up to this point you have been presumed

14    to be innocent of the charge, and by pleading guilty

15    conditionally you acknowledge that the government's evidence,

16    if it was accepted by a jury, would be sufficient to prove

17    your guilt beyond a reasonable doubt.  Do you understand that

18    as well?

19         THE DEFENDANT:  I believe I understand that.

20         THE COURT:  Had you gone to trial, you would be

21    entitled to compel witnesses to come to court to give any

22    testimony they might have in favor of your defense.  Do you

23    understand that?

24         THE DEFENDANT:  I understand that.

25         THE COURT:  Had you gone to trial you could testify

1    in your own defense, but if for any reason you would choose

2    not to testify, you would be entitled to exercise your

3    constitutional right to remain silent, and no inference of

4    guilt could be associated with that decision, and a jury

5    would be instructed to that effect.  Do you understand all

6    those things?

7            THE DEFENDANT:  I believe I understand, that's

8    correct.

9            THE COURT:  By pleading guilty you expose yourself

10   to the penalties provided by law.  Mr. Clancy has indicated,

11   as I'm sure you know, that the statutory penalty can be up to

12   10 years imprisonment and up to a $250,000 fine.  Do you

13   understand that, what the maximum is, do you understand what

14   it is?

15           THE DEFENDANT:  Pardon me?

16           THE COURT:  Do you understand what the maximum

17   penalty is in this case?  Not for you but just generally

18   speaking the maximum can be up to 10 years in prison.

19           THE DEFENDANT:  Pardon me?

20           THE COURT:  Do you know that?

21           THE DEFENDANT:  Yeah, I understand that, but that's

22   not the situation here today, is it?

23           THE COURT:  No, it's not at all, I just want to

24   make sure you understand that before I go on to my next

25   question.

1          THE DEFENDANT:  Yes, sir, I understand.

2          THE COURT:  Your sentence in this matter will be

3    determined pursuant to the application of the federal

4    sentencing guidelines and with consideration for any of the

5    things that the government has promised to do for you in this

6    plea agreement.  Do you understand that?

7          THE DEFENDANT:  Yes, I understand that.

8          THE COURT:  Okay.  I don't think anybody is in a

9    position today to tell you exactly what guideline will apply

10   here, but after a presentence report is prepared and all the

11   facts that bear on that subject are known, we will then know

12   what guideline applies.  Of course, the government has

13   indicated that it will make a motion for a downward departure

14   to get you credit for the time you served in the Dauphin

15   County -- in the state system.  Do you understand that?

16         THE DEFENDANT:  (No audible response.)

17         THE COURT:  Let me go back again, I think maybe I

18   confused you.

19         THE DEFENDANT:  Okay.

20         THE COURT:  Until a presentence report is prepared

21   the Court will not know what guideline applies to your case.

22   Do you understand that?

23         THE DEFENDANT:  I was under the assumption that,

24   you know, a range of -- a criminal history category of IV and

25   a guideline range of 37 to 42 months.

1          THE COURT:  Well, that's what the opinions are at

2     this point, but nobody can guarantee that because there may

3     be things that bear on that that we don't know about here

4     this morning.  I think that's a good faith estimate of the

5     guideline, Mr. Clancy.

6          MR. CLANCY:  It is, Your Honor, and as I informed

7     the Court at our status conference last week, that is the

8     government's best estimate of what the result of an

9     application of the guidelines to Mr. Horn's case would be.

10          The government estimates with giving him credit for

11     acceptance of responsibility, that he would be in a

12     sentencing range of 37 to 46 months.  I do believe Mr. Horn

13     understands that that is the government's best estimate, and

14     that is not a promise for a sentencing range, but it is what

15     we believe the sentencing range will be in this case.

16          And in addition to that the United States will make

17     a motion for a downward departure of whatever the guideline

18     level ends up being so that he gets full credit for all time

19     he has served on this charge.

20          THE DEFENDANT:  What was that, 17 months?

21          MR. CLANCY:  Whatever time is determined that you

22     served on the Dauphin County charge related to the firearms

23     offense, the United States will ask the Court to make a

24     downward departure so that you effectively get credit on your

25     federal sentence for that time served on the county charge.

1          THE COURT:  Do you understand all that now, Mr.

2    Horn?

3          THE DEFENDANT:  I understand that.  I was -- I was

4    kind of, um, the last hearing, status hearing, about the 37

5    months, you know, 42, 46 months, you know, I was looking at

6    that range there, you know, that's what, you know, helped me

7    make my decision there.

8          MR. BICKLEY:  Your Honor, I have informed by

9    letters and in conversations with Mr. Horn that that

10   certainly is the best case scenario, and we will endeavor to

11   -- at any further stage in the proceeding to see to it that

12   that is what the range will be.  However, there are other

13   factors that we may have to address in terms of criminal

14   history and in terms of the application of a guideline.

15         THE COURT:  Mr. Horn, at this stage in every

16   criminal case the best anybody can do, including myself, is

17   to indicate a probable range based upon the facts that are

18   before us now.

19         THE DEFENDANT:  Okay.

20         THE COURT:  Until a presentence report is prepared,

21   however, and all the facts are known that bear on the

22   question, nobody can give you a guarantee, that's all we're

23   saying.  I think it's a good faith estimate, and I won't be

24   surprised at all if that's how it comes out, but I just want

25   you to understand that I can't guarantee that, neither can

1    Mr. Clancy or Mr. Bickley, that's just the way the system

2    works.  Do you understand that?

3             THE DEFENDANT:  I believe I understand that.

4             THE COURT:  Okay.

5             MR. BICKLEY:  Your Honor, one other point of

6    clarification and that is credit with respect to the downward

7    departure motion that we will file to which the government

8    will concur.  Is it just for purposes of further

9    clarification it is -- it relates to not only the firearm

10    charge but any of the other charges, related charges, for

11    which Mr. Horn was incarcerated during that period of time

12    because they were all sort of bundled together.  Is that your

13    understanding?

14             MR. CLANCY:  That is my understanding.  When I say

15    related to the firearms charge, I do that because it is my

16    understanding that all of those charges were brought

17    together, but what our intent through that agreement is is

18    for you, Mr. Horn, to get credit for any time you served from

19    the time this incident occurred October 7 or so of 1995.

20             MR. BICKLEY:  That's very good.

21             THE COURT:  Okay.  All right.  Mr. Horn, other than

22    what's in this plea agreement, has anyone promised you

23    anything to cause you to be here this morning to enter a

24    conditional guilty plea other than what's in the plea

25    agreement and what we have talked about here this morning?

1          THE DEFENDANT:  No.

2          THE COURT:  Has anyone threatened you in any way to

3     cause you to come to the decision, any threats been made?

4          THE DEFENDANT:  No.

5          THE COURT:  I think you know that if you enter this

6     conditional guilty plea, you're reserving the right to appeal

7     the decision that I made on May 10, 2001 concerning pretrial

8     motions that were filed on your behalf.  Do you understand

9     that?

10         THE DEFENDANT:  I understand that.

11         THE COURT:  Everything else that you have raised up

12    to this point though you are waiving when you enter a

13    conditional guilty plea.  The only thing you'll pursue on

14    appeal is the rulings that I have made in the decision of May

15    10, 2001.  Do you understand that?

16         THE DEFENDANT:  I don't understand that.

17         THE COURT:  You don't understand that.  Well, you

18    filed some things yourself.

19         THE DEFENDANT:  That's correct.

20         THE COURT:  Mr. Bickley filed some other things for

21    you.  I don't know how many things you did file, Mr. Bickley.

22         MR. BICKLEY:  I filed one pretrial -- one motion.

23         THE COURT:  You only filed one motion.

24         MR. BICKLEY:  That's correct, Your Honor.

25         THE COURT:  Did I address all the things that you

1    raised in that motion in my memorandum?

2        MR. BICKLEY:  Yes, you did, with the exception of a

3    few trial related matters which were to be resolved on or

4    before trial.

5        THE COURT:  Mr. Horn, you have raised some things

6    yourself about the fact that you have ineffective counsel, I

7    forget what some of the other things were, but you know the

8    things that you wrote up.  Do you know that?

9        THE DEFENDANT:  Yeah, I --

10        THE COURT:  Do you know what I'm talking about?

11        THE DEFENDANT:  Okay, issues that I felt concerned

12    about that should have been raised.

13        THE COURT:  Issues that you have been concerned

14    about you have written some motions filed with the Clerk of

15    Court.

16        THE DEFENDANT:  Yes, I spoke on the issue last

17    Monday at the status hearing, you know.

18        THE COURT:  The issue of  --

19        THE DEFENDANT:  Testimony.

20        THE COURT:  That's all covered in this memorandum,

21    is it not?

22        THE DEFENDANT:  No, it is not.

23        MR. BICKLEY:  Not all of those issues.  There may

24    be some -- again I have never seen the motion that Mr. Horn

25    filed.  I think the most important are there.  There may be

1    others that Mr. Horn -- certainly ineffective assistance, but

2    I don't know that he waives that anyway.

3            THE COURT:  Well, I guess ultimately he doesn't,

4    you're right.

5            Mr. Horn, basically the things that you're going to

6    be able to pursue at this point if you want to on appeal

7    would be the matters that I dealt with in this memorandum,

8    and the other things that you have presented to me up to this

9    point that I didn't rule on, they are not going to get ruled

10   on, and you're not going to be able to raise them again.  Do

11   you understand that?

12           THE DEFENDANT:  I don't understand that because

13   those issues are important, you know, to preserve -- to raise

14   the things in the future, you know.

15           MR. CLANCY:  Your Honor, if I may, perhaps what Mr.

16   Horn is not recognizing at this point is the distinction

17   between appealing Judge Caldwell's denial of the suppression

18   motions, which, if granted, would effectively close this

19   case.  If, for example, the Third Circuit Court of Appeals

20   were to rule that the stop that morning was unlawful or your

21   arrest was unlawful or your statement to the police should be

22   suppressed or the fact of the gun found in your van should be

23   suppressed, those are the rulings that you are reserving the

24   right to appeal through this conditional plea, such that if

25   the Third Circuit Court of Appeals says that those things

1    should be suppressed, this case would effectively go away,

2    you'd be able to withdraw your guilty plea because that is

3    the evidence that the government would use to convict you.

4    There is a distinction between those issues and the ones that

5    you have raised alleging ineffective assistance of counsel

6    and the lack of the validity of the warrant that was used in

7    your arrest in Ohio.  Those are issues that you would not be

8    pursuing through this conditional guilty plea, but I think

9    they are issues that could be raised in, for example, a 2255

10   habeas petition after the result of your appeal on the

11   suppression issues, if you desire to pursue them, but for

12   purposes of this proceeding the issues that you have raised

13   on your own behalf before Judge Caldwell, ineffective

14   assistance and things like that, will not be pursued through

15   this conditional guilty plea.

16            THE COURT:  They could be pursued later if you're

17   turned down in the third circuit, you could pursue them if

18   you want to in a habeas corpus type action at that point.  Do

19   you understand that?

20            THE DEFENDANT:  I believe I understand it a little

21   better now.

22            THE COURT:  Okay.  I don't think I was too clear in

23   what I said, and I apologize for that, Mr. Horn.

24            I'm going to ask Mr. Clancy for the record, Mr.

25   Horn, to outline the evidence that the government would

1    present if this case went to trial.  I want you to listen to

2    him, and I'll give you a chance to comment on what he says,

3    but I want you to listen to it because I'll ask you if he has

4    correctly stated what your conduct and actions were in

5    connection with this case.

6         MR. CLANCY:  Your Honor, if this matter proceeded

7    to trial the United States would be prepared to prove that on

8    or about October 7 of 1995 the Harrisburg Police Department

9    received a report indicating that the defendant Antonio Horn

10   was involved in a domestic dispute and had a firearm in his

11   possession.

12        A criminal history check conducted by the

13   Harrisburg Police Department indicated that the defendant had

14   previously been convicted of a felony offense and therefore

15   was prohibited from possessing a firearm.

16        The government's evidence would be that based on

17   the report received by the Harrisburg Police Department the

18   Harrisburg police issued a "be on the lookout bulletin",

19   posting that bulletin county-wide identifying the defendant

20   and the vehicle that he might be driving.

21        Based on that bulletin the defendant was spotted

22   and stopped by police.  As a result of that stop, he was

23   arrested and taken to the Harrisburg Police Department.

24        At the Harrisburg Police Department the

25   government's evidence would be that he was given Miranda

1    warnings and waived them and agreed to talk to officers.    I

2    note that this is one of the issues that Mr. Horn contests

3    and would be the subject of his appeal.

4            The government's evidence would further be that he

5    gave a statement to police to the effect that he had a gun

6    for protection and had removed it from the house after an

7    argument with his former spouse and had placed it in his van.

8            The defendant was told that his van was being towed

9    to the Harrisburg Police Department and was asked for consent

10    to search the van.    The testimony the government would

11    present would be that he gave both oral and written consent

12    to search the van and that that search revealed a Smith and

13    Wesson .357 revolver in a holster behind the driver's seat.

14            THE COURT:    Okay.    As far as you know, Mr. Horn, is

15    that a fair summary of the facts?

16            THE DEFENDANT:    Not totally.

17            THE COURT:    You can add whatever you want to add.

18            THE DEFENDANT:    Well, basically I never gave

19    statements to the police.

20            THE COURT:    No, but what Mr. Clancy is saying is

21    that their evidence would be to the effect that you did.

22    He's just reciting what the government would say.

23            THE DEFENDANT:    Okay.    Yeah, I --

24            THE COURT:    And is that a fair statement as to what

25    you think they would say based on your experience with them?

1          THE DEFENDANT:  Is that a fair statement what I

2    think they would say?

3          THE COURT:  Yeah.

4          THE DEFENDANT:  Sure, I believe it's a fair

5    statement what I think they would say, yes.

6          THE COURT:  Yes.  You don't agree with it.

7          THE DEFENDANT:  I don't agree with it.

8          THE COURT:  You'd dispute it if you went to trial.

9          THE DEFENDANT:  Sure, but I think that's a fair

10   statement, you know, what they would say, but I don't think

11   it's a fair statement of what occurred.

12         THE COURT:  Okay, but you're here to enter a

13   conditional guilty plea, and we have to have the matter on

14   record of what the government would present against you.

15         THE DEFENDANT:  Sure, I understand.

16         THE COURT:  Do you have any questions about

17   anything or is there anything you don't understand at this

18   point, Mr. Horn?

19         THE DEFENDANT:  I'm entitled to speak right now --

20         THE COURT:  Uh-huh.

21         THE DEFENDANT:  -- if I have things to say?  Yes,

22   I'm going to, you know, accept the agreement here right now

23   on the condition that I appeal and put this matter behind me,

24   accept responsibility, you know, so I can move on in life and

25   seek rehabilitation, you know, based on these circumstances.

1          THE COURT:  Right.

2          THE DEFENDANT:  And I ask the Court, you know, for

3    any consideration, you know, as far as, you know, I have been

4    under a lot of stress for the last 5 years.

5          THE COURT:  I'm sure you have.

6          THE DEFENDANT:  My mother, she has been under a lot

7    of stress.  She's very ill.  Right now I'm stressed, you

8    know, and I need a little help.

9          THE COURT:  Okay.  Well, I don't want to interrupt

10   you, but this is material that you should present to me at

11   sentencing.

12         THE DEFENDANT:  Okay.

13         THE COURT:  All I'm doing this morning is taking

14   your plea.

15         THE DEFENDANT:  Okay.

16         THE COURT:  And there will be a presentence report

17   prepared, and we'll schedule sentencing hopefully within the

18   next month or so.

19         MR. BICKLEY:  The -- I'm sorry, Your Honor.

20         THE COURT:  Go ahead.

21         MR. BICKLEY:  May I have just 10 seconds with the

22   defendant?  I failed to talk to him about one item.

23         THE COURT:  Sure.

24         (Mr. Bickley and the defendant spoke off the

25   record.)

1    MR. BICKLEY:  Your Honor, I don't know whether the

2    issue is still on the table or not, but on his behalf I would

3    like to withdraw his motion for recusal of you.

4    THE COURT:  All right.  Well, I think those motions

5    will die a natural death, that motion in particular, but if

6    you withdraw it on the record, that's fine.

7    Okay.  Mr. Horn, I'll ask you then, sir, you're

8    here to enter a conditional plea, and I'll ask you whether

9    you plead conditionally guilty or not guilty?

10    THE DEFENDANT:  Conditionally pleading guilty to

11    this conditional plea.

12    THE COURT:  Okay, I think you have made a voluntary

13    and an informed decision, and your conditional plea is

14    accepted.

15    We will request the preparation of a presentence

16    report, and as soon as it is ready, we will schedule

17    sentencing so that we can bring this matter to a conclusion.

18    MR. BICKLEY:  Thank you, Your Honor.

19    THE DEFENDANT:  Can I say one more thing?

20    THE COURT:  Sure.

21    THE DEFENDANT:  Again, you know, I need a little

22    assistance with this here myself, you know what I mean, in

23    general.  While I'm waiting for the presentence investigation

24    report is there any possibility that I can get some type of

25    psychological evaluation vocationally for stress or, you

1    know?

2            MR. BICKLEY:  We will be working on that, Your

3    Honor.

4            THE COURT:  I think that will be up to the

5    probation department that will prepare this report.  You can

6    talk to them about whether there is a need for that, and they

7    will be interviewing you right now as soon as we leave the

8    courtroom.  All right, thank you.

9            MR. CLANCY:  Thank you, Your Honor.

10            (The proceedings concluded.)

11

12            I hereby certify that the proceedings and evidence

13    of the court are contained fully and accurately in the notes

14    taken by me on the conditional guilty plea of the within

15    cause and that this is a correct transcript of the same.

16            _Monica L. Zamiska_

17                    Monica L. Zamiska, RPR

18                    Official Court Reporter

19

20

21

22

23

24

25