UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 1:CR-00-274 |
| | ) | |
| v. | ) | |
| | ) | (JUDGE CALDWELL) |
| ANTONIO L. HORNE, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | (ELECTRONICALLY FILED) |

UNITED STATES' RESPONSE TO PETITIONER'S MOTION
FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the United States of America, by and through its attorneys, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and James T. Clancy, Assistant United States Attorney, and responds to the Petitioner's Motion to Vacate Sentence.

BACKGROUND

Petitioner was charged on October 4, 2000 with being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Presentence Report (PSR) at 1, ¶ 1). On December 29, 2000, Petitioner filed a pre-trial motion to suppress the firearm that the police found in his vehicle. (Transcript of Proceedings, January 10, 2001 ("Tr."), filed separately as Exhibit A,

at 3, lines 11-13).  The Petitioner alleged that the seizure of the firearm was unconstitutional because the police lacked grounds for the initial stop because he did not give his consent to allow police to search his vehicle and because his statement telling the police the location of the gun was obtained without an explicit waiver of his Fifth Amendment rights.  (Defendant's Pretrial Motions, December 29, 2000 at 6-7).   A suppression hearing was held on January 10, 2001, and post-hearing briefing was ordered.  On May 10, 2001 the district court denied the pre-trial motion.  (Order dated May 10, 2001).

On July 9, 2001, Petitioner entered a conditional plea of guilty to the Indictment pursuant to F.R.Crim.P. 11(a)(2).  (Plea Agreement at 6, ¶ 11).  In the written plea agreement, Petitioner reserved his right to appeal the district court's denial of his motion to suppress the evidence.  (*Id*).   On April 16, 2002, the Petitioner was sentenced to serve twenty-nine months of imprisonment followed by two years of supervised release.  (Judgment, April 16, 2002).  The conviction was affirmed by the Third Circuit on April 24, 2003.  (Judgment, Case No. 02-2649, April 24, 2003).

On August 30, 2003, Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States.  Petitioner's writ of certiorari was initially denied on December 8, 2003.  On January 26, 2004, the Supreme Court of the United States entered an order denying Petitioner's request for rehearing.

On September 7, 2004, Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255.  On September 9, 2004, this court entered an order with notice of limitations on filing future motions under 28 U.S.C. § 2255, granting Petitioner leave to withdraw his 2255 motion without prejudice, and to file another 2255 motion within 30 days to raise all grounds for relief from his conviction.  (Order dated September 9, 2004).  On October 12, 2004, Petitioner filed the instant motion for relief pursuant to 28 U.S.C. § 2255.  On November 1, 2004, this court entered an order granting defendant's motion to amend his 2255 motion.  (Order dated November 1, 2004).  Subsequently, Petitioner filed a motion to extend page limits on October 21, 2004.  That motion was denied by order entered November 10, 2004.  (Order dated November 10, 2004).   In his

motion, Petitioner essentially claims that his trial counsel was ineffective for three reasons.

First, Petitioner claims that his trial counsel failed to object to the use of allegedly perjured testimony by one of the police officers involved in the investigation that led to his arrest. (Petitioner's Brief at 2). Second, Petitioner claims that his trial counsel failed to object to alleged hearsay when that same officer testified at the suppression hearing that, Ruth Rodriguez "told" the officer that she was assaulted with a firearm, and that the Petitioner committed the act. (Petitioner's Brief at 9). Third, Petitioner claims that his trial counsel failed to object to what Petitioner alleges was an "unauthenticated" consent to search form presented at the suppression hearing. (Petitioner's Brief at 10). Petitioner's claims are devoid of merit and his motion for relief pursuant to 28 U.S.C. § 2255 should be denied without a hearing.

DISCUSSION

    A.    The Legal Standard

Title 28, United States Code, Section 2255 permits federal prisoners the ability to attack the validity of their sentences and

generally is limited to curing errors that were jurisdictional, rose to the level of a constitutional violation, resulted in a "complete miscarriage of justice," or led to proceedings that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979)(citation omitted); *see also United States v. Addonizio*, 442 U.S. 178, 185-86 (1979); *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993).

"Generally, if a prisoner's §2255 [motion] raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations." *Essig*, 10 F.3d at 976 (citations omitted). A defendant is not entitled to a hearing, however, if his allegations are contradicted by the record of if they are patently frivolous. *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001) (citations omitted). Similarly, "[a] district court need not hold a hearing if the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Melendez,* No. CRIM. 00-00069-01, CIV. 01-3305, 2001 WL 1251462, at *2 (E.D. Pa. Sept. 21, 2001)(slip op.) citing *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). Based

on the record of this case, this Court should deny Petitioner's claims without a hearing.

To prevail on a claim of ineffective assistance of counsel, Petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-95 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001)(citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires Petitioner to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). "This requires a showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687)(internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). "There is a 'strong

6

presumption' that counsel's performance was reasonable." *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996)(quoting *Strickland*, 466 U.S. at 689)).

The second prong of *Strickland* requires Petitioner to "demonstrate that he was prejudiced by counsel's error." *Id.* (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "This standard 'is not a stringent one;' it is less demanding than the preponderance standard." *Id.* (quoting *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999)). "[A] court must consider the strength of the evidence in deciding whether the *Strickland* prejudice prong has been satisfied." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d. Cir. 1999). "'[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Id.* (quoting *Strickland,* 466 U.S. at 696).

B.    The Legal Standard Applied to this Case

In this case, Petitioner's allegations, when viewed in light of the record as a whole, fall far short of establishing that his counsel's performance was lacking and that he was prejudiced. Indeed, his allegations fail to meet both prongs of the *Strickland* test. Therefore, his motion should be denied.

1.    Testimony Regarding the BOLO

Petitioner asserts that his counsel was ineffective for failing to object to what he alleges was perjured testimony by Officer Crouser, one of the police officers responding to the initial domestic violence call. Petitioner's allegation stems from Officer Crouser's testimony regarding a countywide BOLO announcement. Petitioner claims that the BOLO that was issued stated that police should look out for "the subject," whereas Officer Crouser testified that a BOLO was issued to "watch out for Mr. Horne's van." (*Compare* Petitioner's brief at 4, *with* Tr. At 6, lines 24-25). There is nothing in the record to support petitioner's belief that Officer Crouser's testimony was perjured. Therefore, Petitioner's claim for relief on this ground should be denied.

8

It is well settled that to establish that a conviction was obtained in violation of due process, a habeas corpus petitioner must prove that the prosecution made knowing use of perjured testimony. In order to establish a due process violation, therefore, a petitioner must prove that the testimony actually is perjured. *United States v. Coleman*, 230 F.2d 261 (3d Cir. 1956). Petitioner failed to meet this burden.

The BOLO language that Petitioner relies on is merely an excerpt from the original BOLO information dispatched to police over the radio. (Petitioner's Brief at 4). The excerpt is a series of comments that was entered by the Law Enforcement Resource Network based on a telephone call that was received on October 7, 1995 from petitioner's ex-wife, Ruth Rodriguez. (*Id*). The excerpt does not purport to be a complete and accurate record of the information relayed to police via the oral BOLO dispatch. Therefore, Petitioner's reliance on the excerpt to allege that Officer Crouser's testimony was perjured is misplaced.

At trial, Officer Crouser testified based on her personal knowledge of the content of the BOLO dispatch. According to

Officer Crouser, the BOLO dispatch that she heard on the radio stated, "watch out for Mr. Horne's van." (Tr. at 6, lines 24-25). This testimony regarding the BOLO's mention of Petitioner's van, although not contained in the comments of the excerpted BOLO, is also supported by the testimony of another officer involved in Petitioner's arrest, Officer Timothy Wasielewski of the Swatara Township Police Department. Officer Wasielewski "specifically remember[ed] the BOLO being given out." (Tr. at 10, lines 15-16). He also testified that the BOLO that he heard contained information regarding a white van belonging to Petitioner. (Tr. at 11, lines 5-6). This separate, independent recollection of the information contained in the oral dispatch of the BOLO belies any claim that Officer Crouser's testimony was perjured.

Because Petitioner's allegation of perjury is unsupported, Petitioner's counsel was not ineffective for failing to object to Officer Crouser's testimony. Officer Crouser's testimony was permissible, was based on her personal knowledge of the BOLO that she heard dispatched on the radio, and was corroborated by another officer from a different police department. Therefore, since there was no

10

issue of perjury, counsel's performance cannot be said to have been ineffective, let alone prejudicial to Petitioner.

### 2. Admission of Hearsay Evidence

Petitioner also alleges that he was denied effective assistance of counsel because his counsel failed to object to the admission of hearsay statements at trial. Petitioner alleges that Officer Crouser's testimony that Ruth Rodriguez "told" Crouser that she was assaulted with a firearm and that Petitioner committed the act constitutes hearsay, and that because of the admission of these statements, Petitioner was denied his constitutional right to confront witnesses.

Petitioner's contention that his counsel was ineffective in this regard is particularly unfounded. The Petitioner was not denied his Constitutional right to confront witnesses due to the admission of hearsay statements because the statement about which he complains was not hearsay. "Hearsay is a statement . . . offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Officer Crouser's testimony about what Ruth Rodriguez told her was not offered for the truth of the matter asserted. Rather,

11

Rodriguez's statement to Officer Crouser was offered merely to show what effect that statement had on Officer Crouser. Accordingly, Officer Crouser's testimony was admissible because it did not contain hearsay.

Even if Officer Crouser's testimony about what Ruth Rodriguez told her is deemed to contain hearsay, that testimony would still be admissible under an exception to the hearsay rule. Federal Rule of Evidence 803(2) provides an exception to the hearsay rule for any statement that qualifies as an excited utterance. For a hearsay statement to be admitted under this exception, four conditions must be met: (1) a startling event must have occurred; (2) the declarant must have made the statement while under the stress of the excitement caused by the event; (3) the statement must relate to the startling event; (4) the statement must be made before there has been time to reflect and fabricate. *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998).

The statements at issue, if hearsay, qualify as excited utterances under the exception and were therefore admissible. There can be no doubt that the violent domestic dispute between

Petitioner and Ruth Rodriguez was a startling event. Attacked, beaten and injured, the victim certainly was still under the stress of this event when police officers arrived on the scene. Her statements to Officer Crouser directly relate to the startling event. Ruth Rodriguez told Officer Crouser that Petitioner had come home in the middle of the night, "got her out of bed, dragged her down the stairs, repeatedly threatened her with a gun, struck her in the forehead with the butt of the gun, pointed the gun to her head, pulled the trigger several times, and also chased her children up the steps, smack(ing) them a couple times." (Tr. at 5, lines 21-25, and 6, lines 1-2). Ruth Rodriguez made these statements soon after police officers arrived, before there was time to reflect and fabricate. These statements meet the criteria for excited utterances. Therefore, these statements were properly admitted.

    Because the statements made by Ruth Rodriguez to Officer Crouser either were not hearsay at all or constituted excited utterances – an exception to the hearsay rule – they were admissible pursuant to the Federal Rules of Evidence. Therefore, Petitioner's assertion that defense counsel's failure to raise a

hearsay objection at trial based on these statements is unfounded. Thus, defense counsel's performance with respect to this issue cannot be said to have fallen below the objective standard of reasonableness required by the Sixth Amendment.

### 3. Consent to Search Form

Finally, Petitioner alleges his trial counsel failed to object to what was an "unauthenticated" consent to search form presented at the suppression hearing. Petitioner's argument in this regard is similarly devoid of merit.

Rule 901(a) of the Federal Rules of Evidence provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Based on the record, it is clear that the consent to search form was properly identified. Therefore, there is no issue regarding authentication as Petitioner alleges.

On direct examination of Officer Angel Gonzalez, the witness was handed a document marked as Government's Exhibit 1, and identified the exhibit as "a consent to search form." (Tr. at 22, line

24).  In addition, the witness identified the form by stating, "I recognize my handwriting, also the signature of Mr. Horne and the witnessing officer John Green who witnessed the signature." (Tr. at 22, lines 24-5, and 23, lines 1-2).  Furthermore, Officer Gonzalez stated that the consent to search form appeared to be an accurate copy of the form presented to Petitioner and that he signed.  Therefore, it is clear that Officer Gonzalez's testimony was sufficient to support a finding that the consent to search form in question was in fact an accurate copy of the form that the Petitioner signed.  Accordingly, because the consent to search form was properly authenticated, Counsel's performance cannot be said to be deficient or to fall below an objective standard of reasonableness.

In short, Petitioner has not demonstrated either error or prejudice to his defense on account of any of the claimed deficiencies of his trial counsel.  He certainly has not shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland* at 694.  Therefore, Petitioner's ineffective assistance claims should be rejected.

CONCLUSION

For all of the reasons set forth above, the Court should deny Petitioner's claims for relief pursuant to 28 U.S.C. § 2255 without a hearing.

                                          Respectfully submitted,

                                          THOMAS A. MARINO
                                          UNITED STATES ATTORNEY

By:   /s/ James T. Clancy
        JAMES T. CLANCY
        ASSISTANT U.S. ATTORNEY
        P.O. Box 11754
        HARRISBURG, PA  17108-1754
        Phone:  717-221-4482
        Fax:  717-221-2246
        james.clancy@usdoj.gov
        PA54339

Dated: November 22, 2004

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 1:CR-00-274 |
| | ) | |
| v. | ) | (JUDGE CALDWELL) |
| | ) | |
| ANTONIO L. HORNE, | ) | |
| | ) | (ELECTRONICALLY FILED) |
| Defendant/Petitioner. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 22nd day of November, 2004, she served a copy of the attached

UNITED STATES' RESPONSE TO PETITIONER'S MOTION
<u>FOR RELIEF PURSUANT TO 28 U.S.C. § 2255</u>

via electronic filing and/or by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Antonio L. Horne, Sr.
41571-066, AK-3929
SCI Fayette State Prison
50 Overlook Drive
LaBelle, PA 15450-9999

                                                    /s/ Carol A. Manies
                                                  CAROL A. MANIES
                                                  Legal Assistant