2HCourt

Original ✔

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
       Plaintiff

VS.    :    CRIMINAL NO. 1:CR-00-274

ANTONIO L. HORNE SR.,    :
       Defendant    :



### MOTION FOR SUMMARY JUDGEMENT

Comes Petitioner, Pro se, pursuant Pennsylvania Rules of Court Federal, U.S. District Court-Middle District, Rules, LR 7.4 and LR 56.1, submitts the following in support;

1. Petitioner submitted motion to vacate under 28 USC 2255 on September 2, 2004 and Brief in support October 6, 2004.

2. The 2255 motion and Brief in support put forth genuine facts and documents entered into the record in previous court proceeding's that, Harrisburg Police officer Patrolwomen Susan J. Crouser badge No. 156, committed "perjury" during petitioner's suppression hearing held, in U.S. District Court for the Middle District of Pennsylvania, 1: CR-00-274 January 10, 2001 before Honorable William W. Caldwell.

3. See transcript of suppression hearing proceeding N.T. pg. 6,
lines 22-25; see (exhibits submitted in support of 2255 motion,
exhibit Supp. App. 6);

                        Direct/Clancy-Crouser

Q. What did you do from that point in your efforts to find
   Mr. Horne?

A. We had sent out a Countywide "BOLO" to watch out for
   Mr. Horne's van.

4. However, the BOLO announcement from the Harrisburg Police
department was simple, direct, and conclusory and contained the Fol-
lowing information:

> DCP/P NOTIFIED TO BE ON THE LOOK FOR THIS
> SUBJECT. DEFENDANTS WIFE LIVES AT 1075 "c"
> HURON DRIVE HBG. PA. 17111.
> THEY WERE ADVISED THAT WE HAVE CHARGES PENDING
> ON ANTONIO HORNE AND THAT HE IS TO BE 10-32...
> THEY WERE ALSO ADVISED THAT THE DEFENDANT HAS
> A CHARGE OF UCR NO. 0100 IN THE PAST...
> _____USE CAUTION_____

There is not a "Scintilla" of evidence in the record, "BOLO" fly-
er-Bulletin, justified at its inception, or, articulable hunch to
stop and seize Mr. Horne's van, tow vehicle into police station and
conduct a search, where a firearm was seized therefrom. The search
and seizure of the weapon in Mr. Horne's van, and his subsequent
arrest were acts admitted into evidence and used against him in trial
court, in violation of petitioner's Constitutional due process right,
implicit in any concept of ordered liberty, when the witness testify-
ing falsely that a defendants life or liberty may depend.

The falsity of the testimony is clearly reflected when compared to the actual BOLO announcement. The BOLO clearly indicates <u>no</u> mention of a van. Authorizing police to stop, seize and search vehicle. See (exhibits isubmitted in support of 2255 motion, exhibit A, Appendix Volume 1, Memorandum pg. 2, filed by District Judge William W. Caldwell) (the BOLO). "Such a <u>lie</u> must be addressed by this Court for it to ever seek justice".

5. Petitioner, has presented a valuable genuine issue, that warrants <u>summary judgement</u> to be granted on his behalf. The BOLO contained <u>no</u> discription of Mr. Horne's vehicle. This perjured testimony was proffered solely to create justification at its inception, reasonable suspicion sufficient to warrant a stop and seizure of Mr. Horne's vehicle and a subsequent search.

6. Petitioner has presented a genuine issue, it was error for this Court to rely on this perjured testimony. It was error, if not Prosecutor misconduct, for the Government to repeat the perjury in its briefs and to rely on its veracity as support for the States actions. Only through motion granting summary judgement, can the factual findings involving the BOLO be corrected.

7. See (exhibits submitted in support of 2255 motion, exhibit E, pg. 13 Government argument in its brief to the Court);

In this case, the Swatara township police relied upon the articulable facts contained in a Countywide BOLO announcement. (Supp. App. 9-9, 10). The BOLO described a vehicle matching the appellants...

-3-

8. The Government is prohibited from submitting "fraudulent documentation" in the Governments briefs to the Courts. 18 USCS §1001. (see exhibits in support of 2255 motion, exhibit F).

9. Petitioner has submitted a genuine issue, that the perjured testimony of Patrolwomen Crouser was fraudulent, submitted to de-cieve the Courts, which warrant summary judgement entered on petit-ioners behalf.

10. Petitioner has submitted a genuine issue, that the testimony of Patrolwomen Crouser at suppression hearing consists of mere hear-say, when Crouser testified the BOLO was issued to be on the look out for petitioner. Crouser testified she was dispatched to an resi-dence in the City for a domestic dispute involving a gun. Crouser testified, a Ruth Rodriquez "told" Crouser that she was assaulted with a firearm, and that Petitioner committed this act.

11. However, Crouser's testimony was mere "hearsay". The prose-cution cannot ask Crouser questions about Rodriquez being assaulted with a firearm unless the women who made them appears in Court. See (exhibits submitted in support of 2255 motion, exhibit Supp. App. 6).

12. The confrontation clause providing that accused has right to confront and cross-examine witnesses against him, applies not only to in-court-statements, but also out-of-court-statements under law of evidence.

13. Petitioner has submitted genuine issue, that the hearsay test-imony presented by Crouser to justify issuance of BOLO was inadmissa-ble, which warrant summary judgement entered on petitioners behalf.

14. Petitioner has submitted a genuine issue, that the Government presented an "unauthenticated" document "consent to search form" as its justification to conduct a warrantless search of petitioner's van, as its justification to conduct a search, in which a firearm was seized. See (exhibits in support of 2255 motion, exhibit H).

15. Said consent to search form was inadmissable to justify a search, because said consent form was not accompanied by a written certified declaration of its custodian, as mandated by act of Congress or rule prescribed by the Supreme Court. Certifying that record.

16. Petitioner has submitted a genuine issue, that the document consent to search form was unauthenticated and inadmissable in Court to justify a search, which warrant summary judgement entered on petitioners behalf.

17. Petitioner has submitted a genuine issue, that trial counsel Attorney L. Rex Bickley was ineffective during trial process for failure to properly investigate and raise the perjury issue, also the hearsay/unauthenticated consent to search form document issues. Bickley's professional judgement fell below the objective standard norms, and the ommission of the acts were outside the wide range of professional competent assistance, Counsel's performance fell below objective standard of reasonableness resulting in an unreliable or fundamentally unfair outcome of the proceedings, which warrant summary judgement entered on petitioners behalf.

## CONCLUSION

The Petitioner has submitted a genuine issue of perjury in violation of due process of law that the principle State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction. The U.S. Government's brief in response to petitioner's motion for relief pursuant to 28 USC § 2255, allege's officer Crouser's testimony was permissable, at trial, officer Crouser testified based on her personal knowledge of the content of the BOLO dispatch (Governments brief at pg. 9). According to officer Crouser, the BOLO dispatch that she heard on the radio stated,"watch out for Mr. Horne's van". (Tr. at 6, 24-24) (Gov. brief at pg. 10) Said above testimony is <u>not</u> included in the suppression hearing transcript, nor supported by any other document of the record. This is yet another attempt by the Government to submitt fraudulent documentation to the Court in order to decieve the Courts.

Patrolwomen Crouser, specifically testified, (Tr. at 6, line 24);

Direct/Clancy-Crouser

A.  We had sent out a Countywide BOLO to watch out for Mr. Horne's Van.

Crouser <u>did</u> <u>not</u> testify to the fact that she heard the dispatch broadcast to be on the look out for Mr. Horne's van.  Therefore, petitioner has submitted genuine claim which warrants summary judgement entered on his behalf.

Futhermore, the Government's attempt to allege the BOLO informa-
tion that petitioner relies on is merely an "excerpt" from the
original BOLO information dispatched to police over the radio.
(Gov. brief at pg. 9). The excerpt is a series of comments that was
entered by law enforcement resource network. That the excerpt does
not purport to be a complete and accurate record of the information
relayed to police via the oral BOLO dispatch. This accusation is
absurd, when petitioner's original trial counsel L. Rex Bickley filed
for and recieved "all" discovery and inspection materials from the
U.S. Government, all excerpts of any and "all" BOLO dispatch infor-
mation should have been included.  If not then this is the equiva-
lent of the U.S. Government, the prosecution withholding exculpatory
evidence, in futherance of violating petitioner's Constitutional
right to due process of law. See (exhibit T, Government letter to
Attorney L. Rex Bickley that "all" discovery/inspection materials
police reports etc., has been forwarded to Bickley that Government
has, in which the BOLO was included).  The Government is prohibited
to put forth "any" excerpts of any part of a BOLO at this point. To
allow this, would be to allow the Government to doctor the record.

   Therefore, the petitioner has submitted genuine issue that the
BOLO that was entered into the record April 9. 2001, is the complete
record of the BOLO information.

Prayer

   Wherefore, petitioner prays that this Honorable Court grant him
summary judgement based on the froegoing.

                              Respectfully Submitted.

-7-

CERTIFICATE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _November 30,_____ 2004. _Antone T. Horne Sr._
                                           (signature of Petitioner)

Pursuant 28 U.S.C. § 1746, on this _30 Th_ day of _November_, 2004, via U.S. First Class Mail, with Certificate of mailing request- ed, Motion for Summary Judgement, will be placed in the institutions internal mailing system, to be delivered to, Office of the Clerk, United States District Court, United States Courthouse, 228 Walnut Street, P.O. Box 983, Harrisburg, Pa. 17108. This satisfies the re- quirements of (Huston V. Lack, 108 S Ct. 2379).

                    _Antone T. Horne Sr._
                    (Signature of Petitioner)

Serviced by First Class Mail:

Mr. James T. Clancy
Assistant U.S. Attorney
Middle District Of Pennsylvania
228 Walnut Street
Harrisburg, Pa. 17108