Original ✓

2 A Copies

Docket No. 1:CR-00-274

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

UNITED STATES OF AMERICA,
    Plaintiff

VS.

ANTONIO L. HORNE SR.,
    Defendant



FILED
DEC 6 2004
PER _____
HARRISBURG, PA   DEPUTY CLERK

---

REPLY BRIEF, IN RESPONSE TO UNITED STATES
RESPONSE TO PETITIONERS MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 2255

---

Antonio L. Horne Sr., Pro se,
41571-066, AK-3929
SCI Fayette State Prison
50 Overlook Drive
Labelle, Pa. 15450-9999

STATEMENT OF ISSUES

I.  THE UNITED STATES GOVERNMENT RELIES ON, UTILIZES, AND CASTS A BLIND EYE TO PERJURED TESTIMONY, IN VIOLATION OF PETITIONER'S FOURTEENTH AMENDMENT CONSTITUTIONAL DUE PROCESS RIGHTS.

II. THE TESTIMONY OF PATROLWOMEN CROUSER PRESENTED AT SUPPRESSION HEARING WAS INADMISSABLE HEARSAY, TO JUSTIFY ISSUANCE OF THE BOLO.

III. THE CONSENT TO SEARCH FORM, ENTERED INTO THE RECORD TO JUSTIFY A SEARCH, WAS UNAUTHENTICATED AND INADMISSABLE AS MATER OF LAW.

IV. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO PROPERLY INVESTI-GATE AND RAISE PERJURY ISSUE, AND HEARSAY/UNAUTHENTICATED DOCU-MENT ISSUES.

STATEMENT OF FACTS

Although the Government relates its version of the statement of facts in its principle brief, it fails to reference several key facts which impact the review and determination of the issues.

The Petitioner has put forth a genuine issue, that Patrolwomen Susan J. Crouser testimony presented at suppression hearing absolutly was perjury pertaining to information contained in the BOLO, that a Countywide BOLO was sent out to be on the look out for Mr. Horne's van. (See exhibits in support of 2255 motion, exhibit Supp. App. 6, line 24). However, the vague Police bulletin BOLO makes no mention or gives any discription of Mr. Horne's van, giving rise to reasonable suspicion, to justify at its inception to stop seize and tow said vehicle to police station where a search ensued and firearm seized therefrom. (see exhibits in support 2255 motion, exhibit A, the BOLO).

First and foremost, a discrepancy exists in the version of the facts which the Government submitted to this court relative to the BOLO announcement and how the Swatara township police became aware of the need to look for petitioner's van. The Government in its brief in response to petitioner's motion for relief pursuant 28 USC § 2255 motion (Gov. brief at pg. 9-10) now allege's, at trial officer Crouser testified based on her personal knowledge of the content of the BOLO dispatch.

Acording to officer Crouser, "the BOLO dispatch that she heard on the radio stated, watch out for Mr. Horne's van". (Tr. at 6, lines 24-25).

This testimony regaurding the BOLO's mention of petitioner's van, although not contained in the excerpted BOLO, is also supported by the testimony of another officer involved in petitioner's arrest, officer Timothy Wasielewski of the Swatara township police department. Officer Wasielewski specifically remembered the BOLO being given out. (Tr. at 10, lines 15-16). He also testified that the BOLO that he heard contained information regarding a white van belonging to petitioner. (Tr. at 11, lines 5-6). This seperate, independent recollection of the information contained in the oral dispatch of the BOLO belies any claim that officer Crouser's testimony was perjured.

## ARGUMENT

However, there is not a "Scintilla of evidence" in the record that officer Crouser, 'heard the BOLO dispatched on the police radio,' to, watch out for Mr. Horne's van', as the Government now alleges the information contained in the oral dispatch of the BOLO belies any claim that officer Crouser's testimony was perjured. (Gov. brief at pg. 10).

See United States V. Coward, 296 F.3d 176 (3rd. Cir. 2002) at 178; a case similar in background: The Court stated, the government did not present the testimony of the officer who requested the stop **nor** "any evidence demonstrating the reason for the request to stop Cowards vehicle".

The defense argued that all evidence arising out of the stop of Coward's vehicle should be suppressed for lack of reasonable suspicion to justify a stop. In response the government argued it "was a lawful stop...based on the radio call". App. at 97. The goverment argued that the "fellow officer rule'...kind of imputes the knowledge of the transmitting officer to the recieving officer, whether it is actually transmitted or not". App. at 98.  The government advised the District Court both in its memorandum and at oral argument that there was authority in the Ninth Circuits decision in United States V. Robinson, 536 F.2d 1298 (9th Cir. 1976), that "effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another; and that officers who must often act swiftly, cannot be expected to cross-examine fellow officers about the foundation for the transmitted information". App. at 97. (quoting Robinson, 536 F.2d at 1299) N2.

N2. Although the government noted that under Robinson, "the officer who issues a wanted bulletin must have a reasonable suspicion sufficient to justify a stop", App. at 96, it did not "advise the court of the government necessity to produce such evidence".

This Circuits decision in <u>Coward</u> is also not an abrerration to the State of the law in the Nation. In United States V. Robinson, 536 F.2d 1298 (9th cir. 1976), at 1299; a similar situation to the instant matter occurred. Based upon a radio dispatch by another law enforcement agency, a State police officer stopped a car that was being driven by defendant. On appeal, the court reversed the defendants conviction. The court agreed with the defendant's claim

That the trial court improperly denied his motion to suppress all of the evidence obtained after the stop as fruit of the illegal stop. The court held that the officer had no founded suspicion to stop defendant's car because his conduct was based solely on the reciept of a dispatch and without any proof of the factual foundation for the relayed message.

The Government did not call either the "dispatcher" or the inspector to testify. Officer Holland knew nothing more about the information upon which the dispatcher relied, and he knew none of the facts the inspector relied to transmitt the message. Based solely on the dispatcher's report, and not upon observations of his own to justify the stop, officer Holland saw the described vehicle and stopped it. Robinson was unable to produce his drivers licence or the vehicle registration. A search of the vehicle followed, during the course of which a bill of lading was discovered showing that the automobile had been shipped to a dealer in Las Vegas. The speedometer registered the exact mileage between Las Vegas, Nevda, and Kingman Arizona. Officer Holland arrested Robinson for driving without a license. While Robinson was in custody, after effectively waiving his Miranda rights, he confessed the theft and the interstate transportation of the automobile. Robinson moved to suppress all of the evidence obtained after the stop as fruit of the illegal stop. The court held; because we agree that the stop was illegal, the evidence should have been suppress.

-4-

Officer Holland had no personal knowledge of any facts upon which to found suspicion. The foundation, if any, had to be supplied by the person whose observations and information generated the suspicion. The dispatch to officer Holland, standing alone, does not prove the existence of founded suspicion. A facially invalid direction from one officer to another to stop a person or a **vehicle** insulates the compling officer from assuming personal responsibility or liability for his act done in obedience to the direction. But direction does not itself supply legal cause for the detention. Any more than the fact of detention supplies its own justification. (emphasis added).

The fact [536 F.2d at 1300] that an officer does not have to have personal knowledge of the evidence suppling good cause for a stop before he can obey a direction to detain a person or a **vehicle** does not mean that the Government need not produce evidence at trial showing good cause to legitimate the detention when the legality of the stop is challenged.

If the dispatcher himself had had founded suspicion, or if he had relied on information from a reliable informant who supplied him with adequate facts to establish founded suspicion, the dispatcher could have properly delagated the stopping function to officer Holland. But if the dispatcher did not have such cause, he could not create justification simply by relaying a direction to a fellow officer to make the stop.

-5-

The Government's argument that effective law enforcement requires us to validate stops made in response to calls from fellow law enforcement officer's without any proof at trial that a factual foundation existed to support the call, was made and firmly rejected in Whiteley V. Warden, (1970) 401 U.S. 560, 91 S Ct. 1031, 28 L.Ed.2d 306.  Whiteley involved probable cause, rather that found suspicion, but we precieve no substantive difference between the two doctrines that would warrant a different result.

REVERSED.

See Whiteley, 401 U.S. at 563, Police bulletin i.e., BOLO. ...the government was required to present evidence at the suppression hearing of the requesting officer's reasonable suspicion.

CONCLUSION

Even, if taken to be true the Government's theory that, at trial Offocer Crouser testified based on personal knowledge of the content of the BOLO dispatch. According to officer Crouser, the BOLO dispatch that she heard on the radio stated, "watch out for Mr. Horne's van". (Tr. at 6, lines 24-25). (Gov. Brief at 9-10). "Which is not supported by the record".

The question/argument is, "did the Harrisburg Police dispatcher have founded suspicion, reliable information from a reliable source who supplied the dispatcher with adequate facts to establish founded suspicion to stop the described vehicle, Mr. Horne's van".

It is argued that the dispatcher <u>did</u> <u>not</u> have reliable information from a reliable source, founded suspicion, to authorize the stop of MR. Horne's van, therefore, Petitioner moves to have motion to suppress "all" of the evidence obtained after the stop as a fruit of the illegal stop. Swatara township police officer Timothy Wasielewski had <u>no</u> founded suspicion to stop petitioner's vehicle because his conduct was based solely on the reciept of a dispatch and without any proof of the factual foundation for the relayed message.

Petitioner has put forth a genuine issue, that the message to stop petitioner's van was not based on founded suspicion. And to permitt the Government now to submitt allege "oral excerpts" of a police dispatch, that <u>was</u> <u>not</u> included in the discovery/inspection materials originally handed over to the defense January 3, 2001, (see discovery letter exhibit I), is the equivalent to withholding exculpatory evidence, a violation of due process of law.

Trial counsel L. Rex Bickley rendered ineffective assistance of counsel for failure to raise perjury issue as well as the hearsay and unauthenticated consent to search form document issues as stated in the principle brief. The ommission of these acts, fell below the counsel's objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner resulting in an unreliable and unfair outcome of the proceeding's.

                                          Respectfully submitted

                                          */s/ Antonio L. Horne Sr.*
                                          Antonio L. Horne Sr. Pro se,

                                          41571-066, AK-3929
                                          SCI Fayettee State Prison
                                          50 Overlook drive
                                          LaBelle, Pa. 15450-9999

CERTIFICATE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _November 30,_ 2004  _Antonio T. Horne Sr._
(signature of petitioner)

Pursuant 28 U.S.C. § 1746, on this 30Th day of _November_, 2004, via U.S. First Class Mail, with certificate of mailing requested, Reply Brief in response to Government's Brief, pursuant petitioner's 2255 motion to vacate, will be placed in the institutions internal mailing system, to be delivered to, Office of the Clerk, United States District Court, United States Courthouse, 228 Walnut Street, P.O. Box 983, Harrisburg, Pa. 17108. This satisfies the reqirement of (Huston V. Lack, 108 S Ct. 2379).

_Antonio T. Horne Sr._
(signature of petitioner)

Serviced by First Class Mail:

Mr. James T. Clancy
Assistant U.S. Attorney
Middle District Of Pennsylvania
228 Walnut Street
Harrisburg, Pa. 17108

**U.S. Department of Justice**

*David M. Barasch*
*United States Attorney*
*Middle District of Pennsylvania*

*Federal Building, Suite 220*
*P.O. Box 11754*
*228 Walnut Street*
*Harrisburg, PA 17108-1754*

717-221-4482
FAX 717-221-2246

January 3, 2001

L. Rex Bickley, Esquire
121 South Street
Harrisburg, PA 17101

Re: <u>United States v. Antonio L. Horne</u>, Criminal No. 1:00-CR-274

Dear Rex:

Enclosed are discovery materials in this case. They include copies of Mr. Horne's criminal record as well as the form he signed consenting to the search of his van, numerous police reports related to his arrest -- some of which contain statements he made to police, a lab report on the firearm involved and photographs taken at the scene of the initial incident.

Feel free to call me with any questions.

Sincerely,

DAVID M. BARASCH
UNITED STATES ATTORNEY

By: *[signature]*
JAMES T. CLANCY
Assistant United States Attorney

enclosures

EXHIBIT I