```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,       :
    Plaintiff
                               :

    vs.                         :    CRIMINAL NO.  1:CR-00-274

                               :
ANTONIO L. HORNE,
    Defendant                   :


M E M O R A N D U M

I.   Introduction

       The Defendant, Antonio Horne, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255.  The Defendant claims that his defense counsel was ineffective at his suppression hearing.

II.  Background

       On July 9, 2001, the Defendant entered a conditional guilty plea to the possession of a firearm by a convicted felon (18 U.S.C. 922(g)).  He was sentenced to 29 months imprisonment, two years supervised release, and a fine of $500.  The Defendant's appeal was denied by the Third Circuit on April 24, 2003.  Horne petitioned for certiorari to the United States Supreme Court and on December 8, 2003, certiorari was denied.

On September 7, 2004, the Defendant initiated these § 2255 proceedings pro se. In response to our order under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he filed a motion to amend. We granted the motion. In his motion, Horne raised the following issues: (1) that the testimony of Officer Crouser was perjured and that counsel was ineffective for failing to investigate and raise the perjury issue; (2) that counsel was ineffective for failing to object to the hearsay testimony offered by Officer Crouser regarding statements made by his girlfriend, denying him his right to confront witnesses; and (3) that the consent-to-search form was unauthenticated and inadmissable and counsel was ineffective for failing to object to its admission. We directed the Government to file a response.

The Defendant filed a reply to the government's response and simultaneously filed a motion for summary judgment. Having reviewed all of the documents, we conclude that the motion for summary judgment duplicates the Defendant's 2255 motion. As such, we shall dismiss the motion for summary judgment and address the merits of the habeas motion. See *Atkins v. United States*, 1990 WL 126196 (D. N.J. 1990)("Given the nature of a habeas corpus petition, motions for summary judgment are unnecessary because petitions may be decided

2

immediately by the court following submission of the pleadings, provided no material issues of fact exists (sic).")[1]

The Defendant's motion focuses on a suppression hearing held January 10, 2001.  At this hearing we heard testimony from Officers Crouser and Gonzalez of the Harrisburg City Police, and Officer Wasielewski of the Swatara Township Police Department.

Officer Crouser testified that at 1:30 am on October 7, 1995, she responded to a domestic dispute involving a firearm.  Upon arriving at the residence, she spoke the Defendant's girlfriend, Ruth Rodriguez, who stated that Horne had assaulted her.  The officer observed a laceration on Ms. Rodriguez's forehead.  Ms. Rodriguez told Officer Crouser that the Defendant had "[gotten] her out of bed, dragged her down the stairs, struck her in the forehead with the butt of the gun, pointed the gun at her head, pulled the trigger several times and also chased her children up the steps, [and] smacked them a couple of times."  (Doc. 89, Opp. Br., Ex. 2, Supp. Hearing Tr. pp. 5-6).  Officer Crouser stated that Ms. Rodriguez said that the gun clicked when the Defendant pulled the trigger.

---

[1] We conclude that the 2255 motion can be decided without an evidentiary hearing. *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d. Cir. 1989)(stating that an evidentiary hearing is not required when the allegations are frivolous or the motion, files, and record show conclusively that the Defendant is not entitled to relief).

3

Officer Crouser then testified that because Horne was no longer at the residence, a countywide "be on the lookout" (BOLO) was issued for his van.[2] She stated that the BOLO referenced the possibility of the Defendant having a gun.

Officer Wasielewski testified that during roll call (approximately 7:50 am) on October 7, 1995, he recalled receiving a BOLO about a domestic dispute involving a handgun. Later that morning, he heard a conversation over his radio between Lower Paxton officers and dispatchers. The conversation centered around the possibility that a van seen by the officers was "[the one] being looked for by the city." (*Id*. at 11). It appeared to Officer Wasielewski that the vehicle was heading toward his jurisdiction and when it entered Swatara Township, based upon the BOLO, he stopped the van.

Officer Gonzalez testified that he handled the investigation of the report against the Defendant. He testified that he read *Miranda* warnings to Horne and that the Defendant indicated he would speak with the officer. He then informed the Defendant that his van was being towed for "an investigatory purpose because [they] believed that there was a weapon in [it]." (*Id*. at 21). Horne then told Gonzalez that a gun was

---

[2] Although the Government asserts that Officer Crouser knew of BOLO's contents because she heard it, a review of the testimony indicates that she knew the contents because she caused the BOLO to be issued.

behind the driver's seat of the van.  The officer asked for consent to search the van and the Defendant gave oral and written consent for the search.  Officer Gonzalez identified the consent form signed by the Defendant.  Officer Gonzalez further testified that although the form was not the original, it was an accurate copy of the form as he remembered it.  (*Id*. at 23).

After the hearing, The Defendant supplemented the record with a copy of what he asserts is the entire BOLO issued by the police.  It reads:

> DCP&F NOTIFIED TO BE ON THE LOOK OUT FOR THIS
> SUBJECT.  DEFENDANTS WIFE LIVES AT 1075 "C" HURON
> DRIVE HBG, PA 17111
> THEY WERE ADVISED THAT WE HAVE CHARGES PENDING ON
> ANTONIO HORNE AND THAT HE IS TO BE 10-32...
> THEY WERE ALSO ADVISED THAT THE DEFENDANT HAS A CHARGE
> OF UCR# 0100 IN THE PAST. . .
> *********** U S E     C A U T I O N *******
> FORENSICS NOTIFIED TO RESPOND. . . 0209
> U-25 CLR . . . WILL DO A SUP. REPORT.

The Government argued that the BOLO submitted by Horne was not complete and that uncontested hearing testimony established sufficient detail for Officer Walsielewski to stop the Defendant.

III.  Discussion

The Defendant claims that counsel was ineffective for failing to investigate and address the perjury of Officer Crouser; for failing to object to the hearsay testimony she

offered; and for failing to object to an unauthenticated consent-to-search form.  Upon a review of the record, we find that all three of the Defendant's claims fail.

The Defendant's claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  *Strickland* held that an ineffective assistance of counsel claim requires the petitioner to show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064.  The reasonableness of counsel's conduct must be judged in light of the facts of the particular case at the time of the event.  *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.  In analyzing that performance, the court must make every effort "to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id.*

Once it is found that counsel's performance was deficient, the court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  A reasonable

6

probability is a probability sufficient to undermine confidence in the outcome.  Id.

    A.  Perjury

        The Defendant argues that Officer Crouser perjured herself when she testified that a BOLO was issued for his van and, as a result, reasonable suspicion did not exist to stop his van.[3]  He contends that because counsel failed to pursue the perjury issue, his performance was ineffective.  The Government argues that Horne has failed to show that the testimony of Crouser was perjured and as such, he cannot show that his counsel was ineffective.

        Horne does not allege, other than what he contends to be the complete BOLO, any evidence to support a finding of perjury.  While the document relied on by the Defendant does not mention a van, Officer Crouser testified that a BOLO was sent out for the van.  Furthermore, Officer Wasielewski's testimony included his knowledge of the BOLO for the van.  He not only testified that he received the BOLO but that the conversation he listened to over the radio was about the van being looked for by

---

[3] Horne's argument as to reasonable suspicion is misplaced. The reasonable suspicion to stop the Defendant did not come from the mention of his van in the BOLO.  It arose from the domestic dispute call received by the Harrisburg City Police. Furthermore, we note that there was probable cause to arrest the Defendant, not just reasonable suspicion to stop his van.  (*See* Doc. 27, Order on Motion to Suppress).

7

the Harrisburg police.  The Defendant has offered no evidence to show that the BOLO did not encompass more than the document he relies on.  As such, the Defendant cannot show that the testimony of Officer Crouser was perjured.  *Pickard v. United States*, 312 F. Supp. 2d 735, 745 (D. V.I. 2004) *citing United States v. Coleman*, 230 F.2d 261 (3d Cir. 1956).

    B.   <u>Hearsay Testimony</u>

The Defendant argues that counsel was ineffective for failing to object to hearsay testimony offered by Officer Crouser.  He maintains that the testimony given by her, with respect to statements made by his girlfriend, violated his right to confront the witnesses against him under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  The Government points out that Officer Crouser's testimony was not offered to prove the truth of the matter asserted and is not hearsay.  Alternatively, the Government contends that if the statements are hearsay, the excited utterance exception applies.

We agree with the Government's first argument.  The testimony of Officer Crouser was not offered to prove that the Defendant had assaulted his girlfriend or that the Defendant possessed a gun.  Rather, it was offered to show that probable cause existed to arrest the Defendant.  "Probable cause exists

8

where the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *United States v. Cruz*, 910 F.2d 1072, 1076 (3d. Cir. 1990). "...[T]he existence of probable cause to arrest does not depend upon the actual truth of the complaint." *Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000). Officer Crouser was testifying as to the facts and circumstances that supported a finding of probable cause, not to the truthfulness of the allegations made by Horne's girlfriend. As such, *Crawford* does not apply to Crouser's testimony and counsel was not ineffective for failing to object to its admission.

    C. <u>Authentication</u>

The Defendant claims that counsel was ineffective for failing to object to the admission of an unauthenticated consent-to-search form. He contends that the custodian of records should have testified as to the authenticity of the copy of the form. The Government argues that the form was properly authenticated.

In support of his argument, the Defendant relies on Rule 902(11) of the Federal Rules of Evidence. However, Rule 902 applies to self-authenticating documents. The applicable

rules in this situation are Rules 901 and 1003.  Rule 901(b)(1) allows for the authentication of a document by one who has knowledge that the document is "what it is claimed to be." Under Rule 901(b)(2), handwriting can be identified by non-expert testimony provided that the knowledge of the handwriting was not acquired for purposes of the litigation.  Officer Gonzalez testified that he recognized the consent-to-search form, his handwriting on the form, the signature of the Defendant, and the signature of the witnessing officer.  This was sufficient to authenticate the document.

Rule 1003 allows for the admission of a duplicate document unless a "genuine question it raised as to the authenticity of the original" or the circumstances would make admission unfair.  Gonzalez testified that the form was an accurate copy of the original consent-to-search form.  No issue was raised at the suppression hearing concerning the authenticity of the original form and there was nothing to indicate unfairness in the admission of the microfilm copy of the form.  Since the form was properly authenticated, counsel was not ineffective for failing to object to its admission.

IV.  Conclusion

Based on the foregoing discussion, we will issue an order denying Petitioner's claims.  The order will also deny a

certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for sixty (60) days to appeal our order denying his section 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

      We shall enter an appropriate order.

      /s/William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: December 22, 2004

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,        :
          Plaintiff
                                 :

     vs.                         :   CRIMINAL NO.  1:CR-00-274

                                 :
ANTONIO L. HORNE,
          Defendant              :
```

## O R D E R

AND NOW, this 22nd day of December, 2004, it is Ordered that:

    1. Defendant's 2255 motion (Docs. 74 and 81) is denied.

    2. Based on the accompanying memorandum, a certificate of appealability is denied.

    3. Defendant's motion for summary judgment (Doc. 90) is dismissed.

    4. The Clerk of Court shall close this file.

                                     /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge