Original

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT



| | |
|---|---|
| EX PARTE, Antonio L. Horne Sr., Petitioner | Docket No. 1:CR-oo-274<br>United States District Court<br>Middle District Pennsylvania |
| V. | 18 U.S.C. sec. 922(g) and 924(a)(2). |
| UNITED STATES OF AMERICA | United States Circuit Judge Honorable Fuentes |

REQUEST FOR CERTIFICATE OF APPEALABILITY

Comes petitioner pursuant 28 U.S.C. sec. 2253(c)(1)(1994/Supp. 111 1997) avers the following in support;

1. Petitioner appeals from the final order of the United States Middle District Court, order, December 22, 2004, denying relief under 28 U.S.C. sec. 2255 and any relief for applying for certificate of appealability before the district court. The district court stated in its order, that our denial of a certificate of appealability does not prevent him seeking a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22.

2. Petitioner recieved the above order December 28, 2004, via U.S. Mail, this request for United States Circuit Judge Fuentes to issue certificate of probable cause, pursuant In re Burwell, 350 U.S. 521, 100 L.Ed. 666, 76 S.CT. 539 (1956).

FACTS

On date September 9, 2004 petitioner filed timely 2255 motion to vacate conviction to the district court. The basis for the motion to vacate was, the United States Government relies on, utilizes, and casts a blind eye to perjured testimony, to justify its inception in the stopping petitioners vehicle, seizing said vehicle, conducting a roadside inventory search, and subsequently towing vehicle into police station where a search ensued and firearm seized therefrom. In its briefs to the courts, the United States Government relies upon the testimony offerred by Harrisburg Patrolwomen Susan J. Crouser, offerred into the record at the suppression hearing before the United States District Court on January 10, 2001, i.e., pertaining to a "flyer-bulletin-BOLO". This testimony has obstructed the actual truth of the factual circumstances, and what is worst, has been known to the government at all times as false and perjured testimony. Such testimony violates the Fourteenth Amendment due process clause, and underscores the entire foundation upon which any court can determine the propriety of the BOLO-flyer-bulletin under the Fourth Amendment as outlined in United States V. Hensley, 469 U.S. 221 (1985) id. at 233, Held:

> "It is the objective reading of the flyer or
> 
> bulletin that determines whether other police
> 
> (469 U.S. 233)
> 
> officers can defensibibly act in reliance on it".
> cf. Terry, 392 U.S. at 21-22, 20 L Ed 2d 889, 88
> S Ct 1868, 44 Ohio Ops 2d 383 ("it is imperative
> that the facts be judged against an objective
> standard:) (emphasis added) Terry, 392 U.S. at 21.

-2-

"Whether the officer's actions was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place". Terry, 392 U.S. id. at 20. Also see Hibel V. Sixth Judicial District Ct. No. 03-5554, 542 U.S.\_\_\_\_\_, 159 L Ed 2d 292, id at 302, 124 S Ct\_\_\_\_\_. Decided June 21, 2004.

In the instant matter, the subject United States District Court committed a misstep. It accepted perjured testimony as fact. It allowed the Government, the United States of America, to utilize and rely on perjured testimony to justify its inception, when the Government knew the perjury existed. It aslo misapplied the precedents addressing aspects of the Fourteenth and Fourth Amendments. Through the remedy of issuance of certificate of appealibility these matters can be corrected.

At the subject suppression hearing, Patrolwomen Crouser testified as follows regarding the basis for the Fourth Amendment stop of Mr. Horne:

    Q. What did you do from that point in your efforts to find Mr. Horne?

    A. We had sent out a Countywide "BOLO" to watch out for Mr. Horne's van.

(See Brief of Appellee, Appendix, In the United States Court of Appeals for the Third Circuit, Case No. 02-2649, Appellee's Supplemental Appendix, Supp. App. 6, lines 22-25).

However, the BOLO announcement from the Harrisburg Police department was simple, direct, and conclusory and contained the following information:

> "DCP/P NOTIFIED TO BE ON THE LOOK OUT FOR THIS
> SUBJECT. DEFENDANTS WIFE LIVES AT 1075 "C"
> HURON DRIVE HBG. PA 17111.
> THEY WERE ADVISED THAT WE HAVE CHARGES PENDING
> ON ANTONIO HORNE AND THAT HE IS TO BE 10-32...
> THEY WERE ALSO ADVISED THAT THE DEFENDANT HAS
> A CHARGE OF UCR NO. 0100 IN THE PAST...
> ******************USE CAUTION********************
> FORNESICS NOTIFIED TO RESPOND...0209
> U-25 CLR...WILL DO A SUP. REPORT.

There is not a "Scintilla of Evidence" in the record, "BOLO" flyer-bulletin, justified at its inception, or, articulable hunch to stop and seize Mr. Horne's van and conduct a search. See Brinegar V. United States, 338 U.S. 160, 69 S Ct at 1310-1311; and this means less than evidence would justify condemnation of conviction, as Marshal, C.J., said for the court more than a centry ago in, Locke V. United States, 7 Cranch 339, 3 L Ed 364.
(See Brief of Appellant, Appendix, the BOLO, filed in the United States Third Circuit Court of Appeals, Case No. 02-2649, Appendix Volume 1, Memorandum page 2, Volume 2, page 43/44, filed by District Judge William W. Caldwell).

According to Patrolwomen Crouser's testimony, there was a public announcement to watch out for Mr. Horne's van. Based on this testimony, officer's stoped Mr. Horne's van on the day in question and proceeded to search it incident to an inventory prior to towing.

Patrolwomen Crouser, however, knew that this testimony of hers was false. And so did the Government. Such use and reliance on false testimony inherently taints the sanctity of the due process requirements and must be remedied by issuance of certificate of appealability. The falsity of the testimony is clearly reflected when compared to the actual BOLO announcement. In fact, the United States has never objected to the petitioners inclusion of the BOLO in any of its prior filings. The BOLO clearly indicates <u>no</u> metion of a van. (See Appellants Brief, U.S. Third Circuit Court Appeals Case No. 02-2649, Appendix Volume 1, page 2; Appendix Volume 2, pages 43/44). "Such a <u>lie</u> must be addressed by this court for it to ever seek justice."

The Supreme Court of the United States Held In: Napue V. Illinois, 360 U.S. 264, 79 S Ct 1173, 3 L Ed 2d 1217, id. at 360 U.S. 269, held: First it is established that a conviction obtained through use of false evidence, known to be such by representives of the State, must fall under the Fourteenth Amendment. Mooney V. Holohan, 294 U.S. 103, 55 S Ct 340, 79 L Ed 791; Plye V. State of Kansas, 317 U.S. 213, 63 S Ct 177, 87 L Ed 214; Curran V. State of Delaware, 3 Cir. 259 F.2d 707. See State of New York ex rel. Whitmen V. Wilson, 318 U.S. 688, 63 S Ct 840, 87 L Ed 1830, and White V. Regan, 324 U.S. 760, 65 S Ct 978, 89 L Ed 1348. Compare Jones V. Commonwealth of Kentucky, 6 Cir. 97 F.2d 335, 338, with In re Sawyer's Petition 7 Cir. 229 F.2d 805, 809. Cf. Mesarosh V. United States, 352 U.S. 1, 77 S Ct. 1, 1 L Ed 2d 1. The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.

Alcorta V. State of Texas, 355 U.S. 28, 78 S Ct 103, 2 L Ed 2d 9; United States ex rel. Thompson V. Dye, 3 Cir. 221 F.2d 763; United States ex rel. ALmeida V. Baldi, 3 Cir. 195 F.2d 815, 33 A.L.R.2d 1407; United States ex rel. Montgomery V. Regan, D.C. 86 F.Supp. 382. See generally annotation 2 L Ed 2d 1575.

The principle that a State may not knowingly use false evidence, including <u>false</u> <u>testimony</u>, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness testifying falsely that a defendant's <u>life</u> or <u>liberty</u> may depend. As stated by the New York Court Appeals in a case very similar to this one, People V. Savvides, 1 NY.2d 554, 557, 154 NY.S.2d 885, 887, 136 NE.2d, 853, 854-855:

'It is no consequence that the falsehood bore upon the witness' credibility rather than directly upon defendant's guilt. "<u>A lie is a lie</u>," no matter (360 US 270) what its subject, and, if it is in any way relevant to the case, the District Attorney's silence was not the result of guile or a desire to prejudice matters little, for its impact was the same, preventing, as it did, a trial that could in any real sense be termed fair'.

"The BOLO contained no discription of Mr. Horne's Vehicle." This perjured testimony was proffered soley to create justification at its inception, reasonable suspicion sufficient to warrant a stop and seizure of Mr. Horne's vehicle and a subsequent search. Patrolwomen Crouser swore to the court that the BOLO announcement was much more. Based on her testimony, the search and seizure of a gun in Mr. Horne's van, and subsequent arrest were acts admitted into evidence and used against him in trial court. Her testimony though, was a falsehood.

It was error for the Court to rely on this perjured testimony. It was error, if not <u>Prosecutor misconduct</u>, for the Government to repeat the perjury in its briefs[1] and to rely on its veracity as support for the States actions. Only through a issuance of certificate of appealability on the motion to vacate under 2255, can the factual findings involving the BOLO be corrected. Once and for all, the record in this matter must be rectified.

> "It is the objective <u>reading</u> of the flyer or bullet-
> in that determines whether other police officers
>
> ( 469 U.S. 233)
>
> can defensibilibly act in reliance on it. It is
> imperative that the facts be j<u>udged</u> against an
> objective standard. Hensley, id. at 233.

<u>Foot note</u>

1. The Government is prohibited from submitting "fraudulent documentation" in the Governments briefs to the Courts. 18 USCS sec. 1001. See Brief of Appellee In The United States Court of Appeals Third Circuit, Case No. 02-2649, page 13, 'In this case, the Swatara Township police relied upon the articulable facts contained in a countywide BOLO announcement. The BOLO described a vehicle matching the appellants'...

There is <u>not</u> a Scintilla of evidence, articulable facts contained within the objective reading of the countywide BOLO announcement, describing a vehicle matching the appellants,[2] reasonable suspicion authorizing police to stop and seize said vehicle.

Petitioner relies on the case of United States V. Coward, 296 F.3d 176 (3rd. Cir. 2002) id. at 178 the Court Held; The Government did not produce any evidence demonstrating the reason for the request to stop <u>Cowards</u> <u>Vehicle</u>. (emphasis added)(quoting United States V. Robinson, 536 F.2d 1298 (9th Cir. 1976) id. at 1299, N2;

> N2 Although the Government noted under Robinson, "the officer who issues a wanted bulletin must have a reasonable suspicion sufficient to justify a stop", App. at 96, it did not advise the Court of the Governments necessity to produce such evidence.

United States V. Robinson, 536 F.2d 1298 (C.A.9, 1976) id. at 1299, Held; This appeal presents the question; can founded suspicion, unlike probable cause, be based solely on the reciept by the stopping officer of a radio dispatch to stop the described vehicle without any proof of the factual foundation for the relayed message? WE HOLD THAT IT CANNOT.

<u>Foot note</u>

2. The BOLO, and testimony of Patrolwomen Crouser, that a countywide BOLO was sent out to watch out for Mr. Horne's van, is attached at the conclusion of this petition, exhibit A, and, Supp. App. 6, lines 24-25.

The stop, seizure and subsequent search of the Petitioner's vehicle, where the firearm was seized therefrom, presents a clear challenge to the protections of the Fourth and Fourteenth Amendments. Asumming the stop of the vehicle in the first place was unconstitutional, then the search of his vehicle and the seizure of any contraband would be defined under the proverbial fruit of the poisonous tree doctrine. Florida V. White, 526 U.S. 559, 119 S.Ct. 1555 (1999), and all that flowed therefrom.

## CONCLUSION

An enshrined principle in American Jurisprudence is the right of a Citizen is to be free from unlawful seizure, and not to have his property taken without just cause i.e., his vehicle. And whether the Police officer's actions was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. And not to have perjured testimony submitted to sustain justify said inception, in violation of the Fourteenth Amendment due process clause. It is not enough to merely cry out how valuable these freedoms are to all citizens. The judiciary must also take the action in defending such fundamental rights. All to often, courts simply dispose of evidential perjury and seizure issues without giving them appropiate consideration, perhaps thinking that claims of abuse of these rights are to excessive and rarely meritorious. The petitioner asks that this Court, and all Courts, to suspend this skepticism, and give this request for issuance of certificate of appealability the due consideration that it deserves. Upon reviewing the arguments contained herein, it will be clear that petitioner's Constitutional rights have been suspended in this matter. For these reasons, petitioner prays that this court grant issuance of certificate of appealability pursuant motion to vacate conviction under 2255. And discharge petitioner from unlawful custody.

And he will forever pray.

Respectfully

*Antonio T. Horne Jr.*

CERTIFICATE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2005. _Antonio T. Horne Sr._
                              (signature of Petitioner)

Pursuant 28 U.S.C. 1746, on this 6 day of January, 2005, via U.S. First Class Mail, with Certificate of mailing requested, request for Issuance of Certificate of Appealability, will be placed in the institutions internal mailing system, to be delivered to, United States Circuit Justice Julio Fuentes, for the Third Circuit Court Appeals, C/o Office of the Clerk, U.S. Court of Appeals for the Third Circuit, 22316 United States Courthouse, Independence Mall West, 601 Market Street, Philadelphia, Pa. 19106. This satisfies the requirements of (Huston V. Lack, 108 S Ct. 2379).

Service by U.S. First Class Mail:

_Antonio T. Horne Sr._
(signature of Petitioner)

U.S. Attorney James T. Clancy
U.S. Federal Courthouse
Room 218
Federal Building
228 Walnut Street
Harrisburg, Pa. 17108

Antonio L. Horne Sr., Pro se,
41571-066, AK-3929
SCI Fayettee State Prison
50 Overlook Drive
LaBelle, Pa. 15450-9999

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | : : : |
| vs. | : CRIMINAL NO. 1:CR-00-274 : |
| ANTONIO L. HORNE, Defendant | : : (WILLIAM W. CALDWELL, JUDGE) |

FILED
APR 0 9 2001
PER
HARRISBURG, PA.   DEPUTY CLERK

## MOTION TO SUPPLEMENT THE RECORD OF THE HEARING HELD JANUARY 10, 2001

AND NOW, comes the Defendant, Antonio L. Horne, through his attorney, L. Rex Bickley, and files this Motion to Supplement the Record of the Hearing held January 10, 2001.

1. On January 10, 2001 a Pretrial Motion Hearing was held before this Honorable Court.

2. During the hearing testimony was offered by the US regarding a Bolo that had been issued by the Harrisburg Police Department.

3. Although defense counsel did not offer the Bolo document into evidence at the time of the hearing, he would like to do so now.

4. A copy of the document is attached hereto and marked Exhibit "A".

WHEREFORE, the Defendant, Antonio L. Horne, respectfully requests this Honorable Court to grant his Motion to Supplement the Record of the Hearing held on January 10, 2001.

Respectfully submitted,

L. Rex Bickley
121 South St.
Harrisburg, PA 17101
(717) 234-0577
(717) 234-7832
Attorney for Defendant

A

```
            LAW ENFORCEMENT RESOURCE NETWORK         TIME:  13:37:
1002848             DISPATCH COMMENTS INQUIRY              HBG   AMG1  HP
================================================================
UPDATED     COMMENT                                              SE
            COMP CALLED FROM 2664 WILSON FWY. SAID HER           00
            COMMON-LAW, ANTONIO HORN BEAT HER AND THREATENED     00
            HER WITH A HANDGUN. SHE FLED HOUSE BUT HER           00
            CHILDREN ARE STILL IN HOUSE. SHE WILL WAIT NEAR      00
            HER HOUSE FOR OFFICERS                               00
            5 CLR                                                00
            DCF&F NOTIFIED TO BE ON THE LOOK OUT FOR THIS        00
            SUBJECT.  DEFENDANTS WIFE LIVES AT 1075 "C" HURON    00
            DRIVE    HBG, PA. 17111                              00
            THEY WERE ADVISED THAT WE HAVE CHARGES PENDING ON    00
            ANTONIO HORNE AND THAT HE IS TO BE (10-32.).         00
            THEY WERE ALSO ADVISED THAT THE DEFENDANT HAS A      00
            CHARGE OF UCR# 0100, IN THE PAST.......              00
            ********* U S E     C A U T I O N **********         00
            FORENSICS NOTIFIED TO RESPOND...0209                 00
            U-25 CLR...WILL DO A SUP. REPORT                     00
                                                                 00
=PI 1=DIS 3=NAM 4=UN 5=MEV F=PRL O=NOTIF T=TMINQ  H S  M=MENU E=EXI
S SHOWN - SELECT NEXT FUNCTION
```

EXHIBIT "A"

A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff | : <br> : <br> : |
| vs. | : CRIMINAL NO. 1:CR-00-274 |
| ANTONIO L. HORNE, <br> Defendant | : <br> : (WILLIAM W. CALDWELL, JUDGE) |

FILED
HARRISBURG, PA
APR 1 0 2001
MARY E. D'ANDREA, CLERK

### ORDER

AND NOW, this 10th day of April, 2001, after consideration of the within Motion to Supplement the Record of January 10, 2001, it is HEREBY ORDERED that the Motion is granted. The attached Exhibit "A" will be made a part of the record.

BY THE COURT:

William W. Caldwell
WILLIAM W. CALDWELL, JUDGE
US DISTRICT COURT

A

1     children up the steps, smacked them a couple

2     times.

3 Q.  Officer, you referred to the time of 1:30 in

4     the morning. Was that on the date of October

5     7, 1995?

6 A.  Yes, it was.

7 Q.  Did Miss Rodriguez appear to you to have any

8     injuries consistent with the story she was

9     telling you about being beaten with a gun?

10 A.  Yeah, she had a large lump with a laceration on

11     her forehead.

12 Q.  You said that she told you the trigger was

13     pulled several times. Do you have any idea

14     what happened when the trigger was pulled?

15 A.  Nothing. It clicked.

16 Q.  Did she tell you who had committed this act

17     upon her?

18 A.  Yes, Mr. Antonio Horne.

19 Q.  Was Mr. Horne at the residence while you were

20     there?

21 A.  No, he was not. He had left.

22 Q.  What did you do from that point in your efforts

23     to find Mr. Horne?

24 A.  We had sent out a countywide BOLO to watch out

25     for Mr. Horne's van.